MR. JUSTICE DALY
specially concurring:
I fully appreciate the problems attendant to the resolution of this case and must therefore concur in the result but not in all that has been said.
I have very strong feelings concerning the information given to this Court about the conduct of one Lawrence Taylor, special assistant prosecutor hired from California and active during the time the grand jury alluded to in this opinion was in session. His method of obtaining the testimony of Dr. Hogan, in the first instance, is nothing short of reprehensible and should not be condoned by the State of Montana. Taylor demonstrated his total lack of ethics at a televised news conference with the then attorney general on Friday, June 11, 1976, with his now infamous statement, “an incestuous relationship between some judges and some lawyers, etc.” Then, he fled the State of Montana. The entire mess is so tainted it is difficult to imagine that any of its fruit be used, of all places, in a forum which is charged with the determination of a man’s ethical quality.
*558 I can find no better words than those used by Mr. Justice Holmes and Mr. Justice Brandeis in Olmstead v. United States (1927), 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, as they spoke of the acceptance of tainted evidence by the courts, i. e., the “silver platter doctrine”:
“. . . But there is another consideration — the imperative of judicial integrity. It was of this that Mr. Justice Holmes and Mr. Justice Brandéis so eloquently spoke in Olmstead v. United States, 277 U.S. 438, at 469, 471, 48 S.Ct. 564, at 569, 570, 72 L.Ed. 944, more than 30 years ago, ‘For those who agree with me,’ said Mr. Justice Holmes, ‘no distinction can be taken between the Government as prosecutor and the Government as judge.’ 277 U.S. at 470, 48 S.Ct. 564, 575. (Dissenting opinion.) ‘In a government of laws,’ said Mr. Justice Brandéis, ‘existence of the government will be imperilled if it fails to observe the law scrupulously. Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the end justifies the means — to declare that the Government may commit crimes in order to secure the conviction of a private criminal— would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face.” 277 U.S., at 485, 48 S.Ct. 564, 575. (Dissenting opinion.)” Elkins v. United States (1960), 364 U.S. 206, 222-23, 80 S.Ct. 1437, 1447, 4 L.Ed.2d 1669, 1980-81.